## ASSIGNMENT BY A RECEIVER OF MONEY DUE.

Circuit Court of Hamilton County.

STEINBICKER BROS. V. KUHN ET AL.

Decided, January 23, 1909.

*Receiver—Assignment by, of Money Due—Rights of the Drawee—*
*Where the Money was Collected by the Receiver.*

Where a receiver gives an order for the payment of money due to him as receiver and afterward accepts the money from the debtor without the consent of the drawee of the order, he becomes personally liable to the drawee for the amount of the order.

*Reemelin & Hosbrook,* for plaintiff in error.
*Oscar W. Kuhn,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The cause of action stated in the petition is for money had and received by the defendants for the use of the plaintiff and arose in the following manner: The defendants as receivers were indebted to plaintiff for materials furnished and labor performed, and executed and delivered to plaintiff the following order:

JANUARY 26, 1905.

"MR. LEO J. OEHLERS, City.

"*Dear Sir:* Please pay to Steinbicker Bros. the sum of $318.94 due them for building tables at the Armory, out of the amount due me for services rendered, etc., as caterer Majestic Hotel Co. and agent of the receivers of said hotel.

"OSCAR W. KUHN,
"F. L. EMMERT,
"*Receivers Majestic Cafe.*"

Afterwards when a settlement was had between Mr. Oehlers and the defendants as receivers the former said: "I must hold out some money for Steinbicker Bros., but I don't know the amount." Thereupon Mr. Kuhn in the presence of defendant Emmert said:

"We are under bond, under $10,000 bond, we are personally responsible for that anyway because we signed that agreement

and the money was paid to us.    We have got to stay, or we will pay Mr. Steinbicker the minute he presents his bill.''

Mr. Oehlers then paid to the defendant the entire amount due to them originally as receivers.    The plaintiff received one hundred dollars from the defendants and sues for the balance.

The order thus given to plaintiff was an equitable assignment to him of a part of a particular fund, which could not be revoked without his consent.    21 Am. & Eng. Ency., 940.

The money received by the defendants was not, to the extent of the order, due to them in their official capacity, nor, according to the statement made at the time by Mr. Kuhn, received in that capacity; but it was paid by the drawee to the defendants for the use of the plaintiff.    They had no right as receivers to accept the money without the consent of the payee of the outstanding order; nor had the drawer any right to so pay it. Hence defendants became personally liable and the court erred in sustaining the motion of defendants, at the conclusion of plaintiff's evidence, for an instructed verdict.

Judgment reversed and cause remanded for a new trial.